UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAYLENE RODRIGUEZ,

                Plaintiffs,         **COMPLAINT**

       -against-                  Docket no.

THE UNITED STATES OF AMERICA, THE UNITED STATES POSTAL SERVICE AND PATRICIA LEVEROCK,

                Defendants.
-----------------------------------------------------------------X

The Plaintiff complaining of the defendants, by her attorneys, PAVLOUNIS & SFOUGGATAKIS, LLP, respectfully alleges upon information and belief, as follows:

## JURISDICTIONAL ALLEGATIONS

1. At the time of the commencement of this action, plaintiff was a resident of the State of New York and County of Queens.

2. This cause of action arises as a result of an accident which occurred in the County of Queens, City and State of New York Specifically at or near the intersection of 91st Avenue and 88th Street. Accordingly, the United States District Court for the Eastern District if the proper judicial district pursuant to 28 U. S.C. ¶ 1402.

3. That at all times hereinafter alleged, and upon information and belief, the defendant, UNITED STATES POSTAL SERVICE, is a Federal agency pursuant to 28 USCA section 1346.

4. This action is brought pursuant to the Federal Tort Claims Act 28 U. S. C. ¶ 1346 (b) and 28 U. S.C. ¶2671, et. seq. and 39 U.S.C. ¶409.

5. That on or about the 13th Day of June 2020, the plaintiff caused an administrative claim to be filed with the United States Postal Service at General Law Service Center, USPS

National Tort Center 1720 Market Street, Room 2400, St. Louis, MO 63155-9948 6.

6. That this claim was filed within two (2) years as prescribed by 28 U.S.C. ¶ 2401 (b).

7. That on or about the 26th of August 2021, defendant formally denied this claim by certified letter.

8. That this action is being commenced within six months of the final determination aforementioned, pursuant to 28 U.S.C. ¶ 2401 (b).

9. That the amount in controversy exceeds the sum of $1,000,000.00.

## AS AND FOR THE FIRST CAUSE OF ACTION

10. That at all times hereinafter mentioned, at or near the intersection of 91st Avenue and 88th Street was and still is a public thoroughfare used and devoted to use by member of the general public.

11. That on or about the 20th of June 2019, a motor vehicle, a truck bearing registration number 6427883 was being operated at or neat the intersection of 91st Avenue and 88th Street.

12. That upon information and belief, at all times hereinafter mentioned and on or about the 20th day of June 2019, a motor vehicle bearing New York State registration number JEY2197, operated by the Plaintiff JAYLENE RODRGIUEZ, was being operated at or near the intersection of 91st Avenue and 88th Street.

13. That all times hereinafter mentioned, vehicle of the Plaintiff, JAYLENE RODRGIUEZ, bore registration number JEY2197, New York.

14. That upon information and belief, at all times hereinafter mentioned, the motor vehicle bearing registration number 6427883 was owned by THE UNITED STATES OF

AMERICA.

15. That upon information and belied, at all times hereinafter mentioned, the vehicle bearing registration number 6427883 was registered to UNITED STATES POSTAL SERVICE.

16. That upon information and belief, at all times hereinafter mentioned, the motor vehicle bearing registration number 6427883 was being operated by UNITED STATES POSTAL SERVICE.

17. That at all times hereinafter mentioned, vehicle bearing registration number 6427883 was being operated by one PATRICA LEVEROCK, within the course of her employment with UNITED STATES POSTAL SERVICE.

18. That upon information and belief, at all times hereinafter mentioned, the driver, PATRICIA LEVEROCK, was in the employ of THE UNITED STATES POSTAL SERVICE, an arm of THE UNITED STATES OF AMERICA.

19. That upon information and belief, at all times hereinafter mentioned, an on or about the 20th day of June 2019, the motor vehicle bearing registration number 6427883 was being operated with the knowledge, consent and/ or on the business of it owner.

20. That upon information and belief, at all times hereinafter mentioned, and on or about the 20th day of June 2019, the vehicle bearing registration number 6427883 operated by PATRICIA LEVEROCK was being operated on and along the aforementioned public negligently, and in violation of laws, statues and ordinances of the State of New York and regulations of the City of New York resulting in a collision between vehicles bearing registration number 6427883 and vehicle JEY2197, New York.

21. That on or about the 20th day of June 2019, there was collision between the operated by Patricia Leverock and a portion of Plaintiff's vehicle.

22. That on the 20th of June 2019, the vehicle operated by Patria Leverock was in contact with the vehicle bearing New York registration number JEY2197 at or near the intersection of 91st Avenue and 88th Street.

23. That as a result of the aforementioned, the vehicle bearing New York registration number JEY219, was projected to the right causing severe and serious injury to the Plaintiff, JAYLENE RODRIGUEZ.

24. That the defendants, their servants, agents and/or employees were negligent, reckless and careless in failing to and maintain adequate control of his vehicle; in operating said vehicle at an excessive rate of speed under the circumstances; in failing to keep proper lookout; in failing to use that degree of care, caution and prudence in such cases required; in failing to take such steps so as to prevent the contingency which occurred; in failing to stop, signal, swerve and/or slow down in order to avoid the contingency of this vehicular impact; in failing to warn and the defendants, their servant, agent and/or employee was in other way negligent reckless and careless.

25. That as a result of the aforementioned, plaintiff, JAYLENE RODRGIUEZ, sustained severe and serious injuries as defined by section 5102 of the Insurance Law of the State of New York.

26. That this action falls within exception 6 of section 1602 of the Civil Practice Law and Rules of the State of New York.

27. That as a result of the aforementioned the Plaintiff sustained severe injuries, some of which are believed to be of permanent nature preventing the Plaintiff, JAYLENE RODRIGUEZ, from preforming her normal activities of life and business resulting in great pain to his mind body, loss of enjoyment of life and resulting in her incurring substantial expenses

medical care, hospitalization, loss of earning capacity and other expenses occasioned by injuries and disability sustained by her as a result of the aforementioned, all to her damage in the sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, together with the costs and disbursements to abide the event.

WHEREFORE, the Plaintiff demands judgement against the defendant in a sum not to exceed the sum of ONE MILLION ($1,000,000.00) DOLLARS on the first cause of action with interest, costs and disbursements to abide the event.

Dated: Brooklyn, New York
       September 13, 2021

Andrew G. Sfouggatakis, Esq
PAVLOUNIS & SFOUGGATAKIS, LLP
9733 4th Avenue
Brooklyn, New York 11209
(718) 787-1430